IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HUNTER JAMILE, | ) | CIVIL NO. 16-00196 SOM-KJM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER DENYING DEFENDANT ISLAND MOVERS INC.'S MOTION TO DISMISS** |
| ISLAND MOVERS, INC., | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT ISLAND MOVERS INC.'S MOTION TO DISMISS**

I.         INTRODUCTION.

Plaintiff Hunter Jamile alleges that, while employed by Defendant Island Movers, Inc., he suffered disability discrimination. He sues under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq.

Island Movers seeks dismissal, asserting a lack of jurisdiction and a failure to state a claim. The motion is denied.

II.        FACTUAL ALLEGATIONS.

The Complaint alleges that Island Movers hired Jamile as a delivery driver on July 5, 2009. *Id.*, Page ID # 2. At the time, Island Movers was allegedly "fully aware" of Jamile's disability involving his back, neck, and right shoulder. *Id.* In 2013, Jamile allegedly asked Island Movers to make an electric pallet jack and/or a helper available as a reasonable

1

accommodation in light of his disability.  *Id.*  According to Jamile, Island Movers provided the "requested accommodation on some occasions," and, between February and November 2014, allowed Jamile "sporadic use of the electric pallet jack and/or a helper as requested."  *Id.*, PageID # 3.  Jamile allegedly informed Jared Byrd, a "Dispatcher/Supervisor," that these accommodations "were in place and had to be provided."  *Id.*

On February 11, 2014, Jamile allegedly injured his back while working without the requested accommodations.  *Id.*  In March 2014, he reportedly complained about Island Movers' "failure to fully accommodate" his disability to Shirley Kranz in Island Movers' human resources department.  *Id.*  Jamile says Kranz did not "address the situation" and "did not follow up" with him.  *Id.*  Jamile alleges that he was "not offered the same accommodations as other employees, such as light duty and/or rehabilitation programs and was suspended and then terminated, which was subsequently rescinded."  *Id.*, PageID # 3.

On December 29, 2014, Jamile filed a disability discrimination charge with the Equal Employment Opportunity Commission.  *Id.*, PageID # 2.  On January 26, 2016, the EEOC issued a dismissal and right-to-sue letter.  *Id.*, PageID # 2.  Jamile filed his Complaint on April 25, 2016.

## III. STANDARD OF REVIEW.

### A. Rule 12(b)(1).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, the plaintiff's allegations are not presumed true, and the existence of disputed material facts will not preclude the trial court from evaluating the existence of subject matter jurisdiction. *Thornhill*, 594 F.2d at 733.

Island Movers brings a factual attack on this court's subject matter jurisdiction. Island Movers says that Jamile filed his ADA charge with the EEOC after the limitations period had run. Island Movers is mistaken in thinking that a

limitations issue implicates this court's subject matter jurisdiction. The ADA "adopts the procedural requirements of Title VII." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc). "The Title VII statute of limitations is not a jurisdictional requirement; it may be waived, and equitably tolled." *Sloan v. West*, 140 F.3d 1255, 1262 (9th Cir. 1998). Accordingly, this court does not examine Island Movers' challenge to the timeliness of Jamile's EEOC filing under Rule 12(b)(1). The court instead considers the timeliness challenge under Rule 12(b)(6).

      **B.    Rule 12(b)(6).**

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

4

However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(internal citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

IV.     **ANALYSIS.**

Jamile alleges that Island Movers discriminated against him by failing to provide reasonable accommodations and by unlawfully retaliating against him for having complained about Island Movers' alleged failure to provide reasonable accommodations. *See* ECF No. 1, PageID #s 3-4. Island Movers asserts that Jamile's disability discrimination claim, which it

says is narrowly based on its alleged failure to accommodate Jamile on only February 11, 2014, is time-barred.  ECF No. 20, PageID # 68-71.  Island Movers argues that Jamile did not sufficiently allege any other disability discrimination claims.  *Id.*, PageID # 71.  To the extent Jamile asserts a retaliation claim, Island Movers contends that Jamile failed to exhaust his administrative remedies because he did not file a retaliation charge with the EEOC before filing this lawsuit.  Island Movers' Reply, ECF No. 24, PageID # 97.

The ADA prohibits employers from discriminating against "a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees."  42 U.S.C. § 12112(a).  A plaintiff has the initial burden of establishing a prima facie disability discrimination claim by showing that "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability."  *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

**A.  The Complaint Sufficiently Alleges That Jamile Was "Disabled" and a "Qualified Individual" Under the ADA.**

Island Movers does not argue that the Complaint insufficiently alleges that Jamile was "disabled" or was a

"qualified individual" within the meaning of the ADA.  The Complaint in fact includes sufficient allegations regarding these first two prongs of a prima facie ADA claim.

With respect to the first prong, the ADA defines disability with respect to an individual as "(A) a physical or mental impairment that substantially limits one or more of the major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).  "An impairment covered under the ADA includes any physiological disorder," *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004), and "major life activities" include "lifting" and "working," 29 C.F.R. § 1630.2(i)(1)(i).  Under the ADA, the definition of "disability" must be "construed in favor of broad coverage of individuals" to the extent permitted by law.  42 U.S.C. § 12102(4)(A).

The Complaint alleges that Island Movers was "fully aware" of Jamile's physical disability involving "his back, neck, and right shoulder" at the time Jamile was hired.  *See* ECF No. 1, PageID # 2.  The Complaint also alleges that Island Movers provided reasonable accommodations in the form of an electric pallet jack or helper "on some occasions" and that Jamile was allowed "sporadic use" of the jack and/or a helper as

"requested." *Id.*, PageID # 3. These factual allegations, when taken as true, indicate that Island Movers considered Jamile to be disabled. The Complaint sufficiently alleges that Jamile was "disabled" under the ADA.

With respect to the second prong, Jamile was also required to be a "qualified individual." *See* 42 U.S.C. § 12112(a). To be a "qualified individual," Jamile had to have "the requisite skill, experience, education, and other job-related requirements" for his position as a delivery driver and also had to be able to "perform the essential functions of [this] position" with or without reasonable accommodation. *See* 29 C.F.R. § 1630.2(m). Jamile alleges that Island Movers knew he had a disability involving his back, neck, and right shoulder. ECF No. 1, PageID # 2. The Complaint indicates that Island Movers considered Jamile as meeting the requirements to be a delivery driver and as being able to perform the essential functions of this position with reasonable accommodations. Accordingly, the Complaint sufficiently alleges that Jamile was "qualified" for purposes of stating a disability discrimination claim.

**B. The Complaint Sufficiently Alleges a Disability Discrimination Claim Based on Island Movers' Alleged Failure to Provide Reasonable Accommodations.**

With respect to the third prong, Jamile alleges that Island Movers discriminated against him by failing to accommodate his disability. *See* ECF No. 1, PageID # 3. Under the ADA, discrimination against a qualified individual on the basis of disability includes not providing "reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). The ADA requires that, "once an employee requests an accommodation or an employer recognizes the employee needs an accommodation but the employee cannot request it because of a disability, the employer must engage in an interactive process with the employee to determine the reasonable appropriate accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2001). *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001).

The interactive process requires: "(1) direct communication between the employer and the employee to explore in good faith the possible accommodations; (2) consideration of

10

the employee's request; and (3) offering an accommodation that is reasonable and effective." *Zivkovic*, 302 F.3d at 1089 (citations omitted); *see* 29 C.F.R. § 1630.2(o)(3) ("T[he interactive] process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations."). "Liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown" in the interactive process. *Zivkovic*, 302 F.3d at 1089. The employer need only provide a reasonable accommodation, not necessarily the accommodation that the employee requests or prefers. *Id.*

A reasonable accommodation must enable the employee to perform the duties of the position. *Barnett v. U.S. Air*, 228 F.3d 1105, 1115 (9th Cir. 2000); *see also* 29 C.F.R. § 1630.2(o)(1)(ii) (defining "reasonable accommodation" as "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position"). Reasonable accommodations may include "job restructuring; part-time or modified work schedules; reassignment to a vacant position; . . . and other similar

accommodations for persons with disabilities." 42 U.S.C. § 12111(9)(B); *see also* 29 C.F.R. § 1630.2(o)(2)(ii).

Island Movers argues that the Complaint generally fails to allege a failure to provide a requested accommodation or a refusal to accommodate Jamile. *See* ECF No. 24, PageID # 96. Specifically, Island Movers contends that it did not need to provide the requested accommodations unless Jamile asked for them each time he needed them at work. *See id.* ("If Plaintiff only sporadically requested use of the electric pallet jack and/or a helper, his sporadic use thereof does not constitute discrimination."). Island Movers' suggestion that it only needed to provide the accommodations, incident by incident, when Jamile asked for them is not supported by the Complaint. *See id.*

Instead of clearly limiting itself in the manner Island Movers asserts, the Complaint alleges that, in 2013, Jamile asked for "a reasonable accommodation for use of an electric pallet jack and/or a helper due to his disability." ECF No. 1, PageID # 2. The Complaint does not say that the accommodation was only to be provided whenever Jamile made an express request. The Complaint rather says the accommodation was provided "on some occasions" and sporadically. *Id.*, PageID # 3. The Complaint suggests that it was not provided whenever

needed.  Thus, Jamile alleges that, on February 11, 2014, he was injured while "working without the accommodations." *Id.*  The Complaint could be read as indicating that Island Movers agreed to the requested accommodation whenever needed, not whenever requested.  *See id.*  If Island Movers assigned work to Jamile, Island Movers was at least arguably in a position to know when accommodations were needed.

Quite apart from the issue of whether the Complaint alleges a need for Jamile to make repeated specific requests for accommodations, the Complaint clearly alleges that Island Movers failed to engage in the required interactive process.  After his injury on February 11, 2014, Jamile allegedly complained about the lack of accommodations, and Island Movers allegedly did not respond.  The "duty to accommodate" is a "continuing duty that is not exhausted by one effort." *McAlindin v. Cty. of San Diego*, 192 F.3d 1226, 1237 (9th Cir. 1999).  That is, Island Movers was required to engage with Jamile in addressing his concerns after his injury.  *See Humphrey*, 239 F.3d at 1138 ("[T]he employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed.").

13

The Complaint indicates that other accommodations, such as light duty work or rehabilitation programs, may have been reasonable alternatives that Island Movers offered other employees but failed to offer Jamile. *See id.*, PageID # 3. Viewed in the light most favorable to Jamile, the Complaint alleges that Island Movers failed to provide reasonable accommodations on multiple occasions between February and November 2014, months after his initial request was made in 2013. *See Zivkovic*, 302 F.3d at 1089. Accordingly, this court concludes that the Complaint sufficiently alleges a disability discrimination claim based on Island Movers' alleged failure to provide reasonable accommodations and/or to engage in the required interactive process.

Island Movers asserts that, even if the Complaint sufficiently alleges a discrimination claim based on a failure to provide reasonable accommodations, "any acts which occurred prior to March 6, 2014 would fall outside the three hundred day filing requirement with the EEOC" and therefore are "not actionable." *See* ECF No. 24, PageID # 97. Under 42 U.S.C. § 2000e-5(e), the limitations period for filing an ADA claim is 300 days. This provision "precludes recovery for discrete acts of discrimination or retaliation that occur outside the

statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).

In an ADA suit, the failure to file an EEOC charge within the statutory 300-day period is not a jurisdictional bar. *Santa Maria*, 202 F.3d at 1176. Rather, "it is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel." *Id.* A violation of the statute of limitations is an affirmative defense that is generally required to be included in a responsive pleading under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8; *see also Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997) ("Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff an affirmative defense may be [pled] for the first time in a motion for summary judgment."); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (holding failure to raise statute of limitations defense in initial pleading did not preclude bringing motion for summary judgment based on that defense where no prejudice had been claimed by plaintiffs).

The affirmative defense that a claim is too late need not be addressed in a Complaint, as such an affirmative defense not being jurisdictional, may be waived. Nor can it be said in

the present case that any alleged untimeliness is clear from the face of the Complaint.

The Complaint does not indicate when the first and last acts of alleged discrimination occurred. The Complaint rather alleges that Island Movers provided "sporadic" accommodations between February and November 2014. *See id.* Even if this court reads the Complaint as asserting separate and discrete acts of disability discrimination rather than a single allegedly continuing discriminatory practice, Island Movers does not show entitlement to dismissal on limitations grounds.

While Jamile specifically alleges that Island Movers failed to provide accommodations on February 11, 2014, the date on which he was injured at work, Jamile also alleges that, in March 2014, he complained about Island Movers' failure to accommodate him to the human resources department. Jamile alleges that Island Movers did nothing to resolve the situation or to follow up with him. *See id.*, PageID # 3. Without referring to any specific date, the Complaint generally alleges that Jamile "was not offered the same accommodations as other employees such as light duty and/or rehabilitation programs." *See id.* Jamile is thus alleging that, after his injury on February 11, 2014, and after he had complained in March, he was still not provided with reasonable accommodations.

16

Focusing on Jamile's injury on February 11, 2014, Island Movers notes that Jamile filed his charge with the EEOC on December 29, 2014, more than 300 days after February 11, 2014. This court sees no reason to ignore Jamile's allegations that Island Movers violated the ADA even after he was injured. Moreover, if Island Movers includes a statute of limitations defense in its Answer to the Complaint, Jamile may argue that the limitations period was waived or should be equitably tolled, a matter that would likely involve material beyond the Complaint and is therefore not resolvable on a Rule 12(b)(6) motion to dismiss. *See Sprewell*, 266 F.3d at 988 (noting the court's review on a 12(b)(6) motion is generally limited to the contents of the complaint). Therefore, this court denies the motion to the extent it relies on the argument that any claims asserted are time-barred.

### C. The Retaliation Claim Is Not Dismissed For Failure to Exhaust Administrative Remedies.

With respect to the third prong, Jamile also alleges that he was retaliated against for having complained about Island Movers' alleged failure to provide him with reasonable accommodations. *See* ECF No. 1, PageID # 3. Under the ADA, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42. U.S.C. § 12203(a). To establish a prima facie case for a retaliation claim under the ADA, Jamile must demonstrate that he engaged in a protected activity, suffered an adverse employment action, and that the two were causally connected. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

Pursuing one's rights under the ADA constitutes a protected activity. *See, e.g.*, *McAlindin*, 192 F.3d at 1238 (stating that "vigorously asserting [one's] rights" under the ADA and other state and federal discrimination laws constitutes protected activity). An adverse employment action is any action "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). When an adverse employment decision closely follows complaints of discrimination, retaliatory intent may be inferred. *See Bell v. Clackamas Cty.*, 341 F.3d 858, 865-66 (9th Cir. 2003) (holding that "[t]emporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation").

Jamile alleges that he "was suspended and then terminated, which was subsequently rescinded" and that he suffered discrimination for "complaining about this disability

18

discrimination." ECF No. 1, PageID # 3. This is a sufficiently alleged retaliation claim.

Island Movers contends that any retaliation claim is barred because Jamile failed to exhaust his administrative remedies. The Complaint clearly alleges, "The Equal Opportunity Employment Commission filed a Charge of Discrimination against Defendant based upon disability discrimination on December 29, 2014." ECF No. 1, PageID # 2. The Complaint does not describe the content of the EEOC charge. Island Movers appears to be arguing that the EEOC charge did not encompass retaliation, but such an argument relies on material not in the Complaint or anywhere else in the record. This court cannot at this point say that any retaliation claim is barred based on a failure to exhaust administrative remedies.

**V.    CONCLUSION.**

Island Movers' motion to dismiss is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 7, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*Hunter Jamile v. Island Movers, Inc.*, Civ. No. 16-00196 SOM-KJM; ORDER DENYING DEFENDANT ISLAND MOVERS INC.'S MOTION TO DISMISS.